NUMBER 13-02-220-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
JOHNNY G. REED,                                                                      Appellant,

v.

TROPIC ISLES HOMEOWNERS
ASSOCIATION,                                                                           Appellee.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 
          In this bill of review, appellant, Johnny G. Reed, appeals the trial court’s order
granting summary judgment in favor of appellee, Tropic Isles Homeowners Association
(“Tropic Isles”). By various “issues,” appellant challenges the order granting summary
judgment and the findings of fact and conclusions of law in support of the judgment. We
affirm.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it.


 
Background
          On September 22, 2000, appellant, a former president of Tropic Isles, filed a pro se
“Motion for Judicial Review of Documentation or Instruments Purporting to Create a Lien
or Claim” pursuant to section 51.903 of the government code.


 In his motion, appellant
alleged that the documents establishing Tropic Isles’s rights and responsibilities were
fraudulent. Specifically, appellant challenged Tropic Isles’s authority to assess fees for the
maintenance and repair of canals, which constitute common areas within the development. 
Appellant’s motion was filed and heard ex parte, which is permitted under the statute.


 On
October 5, 2000, the trial court issued “findings” and signed an order. However, the court
made no findings regarding the validity of the challenged documents. On December 5,
2000, the court received a letter from appellant, in which he notes that the court’s order
“makes no ruling” regarding the validity of the challenged documents. Appellant’s letter
requests that the trial court “check and initial” her findings. On December 12, 2000, the
trial court issued a “revised” order, in which it found that the challenged documents are
invalid. 
          Tropic Isles received no notice of the proceedings and did not learn of the court’s
action until after the appellate deadline had passed.


 On February 2, 2001, Tropic Isles
filed a bill of review, contending: (1) the trial court’s December 12, 2000 “amended” order
is void because it was issued outside the court’s plenary jurisdiction to amend its earlier
findings; and (2) the lack of service of process to Tropic Isles deprived it of an opportunity
to present its meritorious defenses in the underlying action.
          On January 28, 2002, Tropic Isles filed a motion for summary judgment on the
grounds that the trial court lacked authority to amend its original order after thirty days had
passed.


 On January 30, 2002,


 appellant filed a motion for summary judgment, in which
he: (1) contends that the trial court’s “incomplete” October 5, 2000 order was not a
judgment, and that the court’s “corrections” were merely administrative; and (2) requests
sanctions against Tropic Isles. Following a hearing on February 20, 2002, the trial court
granted summary judgment in favor of Tropic Isles on the grounds that the amended order
was invalid because it was outside the court’s plenary jurisdiction. The trial court also
denied appellant’s motion for summary judgment. 
          The trial court issued findings of fact and conclusions of law, in which the court
found that: (1) the October 5, 2000 order was a final order; (2) on December 12, 2001,


 the
court attempted to amend the prior final order; and (3) appellant’s motion for summary
judgment was not supported by affidavits or other proper summary judgment evidence. 
In its conclusions of law, the trial court states that: (1) the December 12, 2001 order is void
because it attempted to amend the prior order more than thirty days after the original order
and beyond the court’s plenary power; and (2) appellant failed to show as a matter of law
that he was entitled to the relief sought in his motion for summary judgment and for
sanctions.
Standard of Review
          When both parties move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review the summary judgment
evidence presented by both sides and determine all questions presented and render the
judgment the trial court should have rendered.


 The reviewing court must affirm summary
judgment if any of the summary judgment grounds are meritorious.


 We now turn to the
evidence presented and consider whether summary judgment was properly granted.
                                                         Applicable Law
          A trial court retains plenary power to grant a new trial or to vacate, modify, correct
or reform a judgment within thirty days after the judgment is signed.


 Where no
post-verdict motions are filed, a trial court's plenary power over a case generally ends thirty
days after a final judgment is signed, and the trial court has no authority to set aside a
judgment except by bill of review.


 
          After a judgment has become final, the trial court may correct only clerical errors by
nunc pro tunc judgment, but may not correct judicial errors.


 Whether an error is a clerical
error or a judicial error is a question of law.


 To be clerical in nature, the error must be one
that is not the result of judicial reasoning, evidence, or determination.


 The court can only
correct the entry of a final written judgment that incorrectly states the judgment actually
rendered.


 Even if the court renders judgment incorrectly, it cannot alter a written
judgment that precisely reflects the incorrect rendition.


 Judicial errors are never
correctable by the trial court after the court’s jurisdiction expires.



          Here, appellant’s December 5, 2000 letter to the trial court notes that in the original
order, “none of the paragraphs in either finding has [sic] been checked or initialed.” The
letter states that the order is not a valid court order because it “makes no ruling whatever.” 
We hold there is no evidence to support any conclusion that the December 12, 2000 order
was the result of corrected clerical errors. The differences between the October 5, 2000
and December 12, 2000 orders required judicial determination and reasoning.


 
          Accordingly, we agree that the December 12, 2000 order is void because it was
issued outside the trial court’s plenary jurisdiction.


 
          We hold that summary judgment was properly granted in favor of Tropic Isles. We
AFFIRM the trial court’s judgment. 
 
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Memorandum opinion delivered and filed this the
16th day of December, 2004.